**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 19, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO JULIO DAVILA-
SALVATIERRA,

Defendant - Appellant.

No. 06-2053

(D. New Mexico)

(D.C. No. CR-04-2314-JH)

### ORDER AND JUDGMENT[*]

Before **HENRY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Julio Davila-Salvatierra pleaded guilty to illegal reentry after deportation

subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a),

(b)(2). The district court imposed a sentence at the bottom of the range suggested

by the United States Sentencing Guidelines ("USSG" or "Guidelines"). Mr.

Davila-Salvatierra now challenges the procedural and substantive reasonableness

of that sentence. We take jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 1291, and affirm.

## I. BACKGROUND

On August 19, 2004, Immigration and Customs Enforcement officials encountered Mr. Davila-Salvatierra in Dona Ana County, New Mexico. He admitted being a citizen of Mexico and that he illegally entered the United States. Shortly thereafter, Mr. Davila-Salvatierra was indicted for illegal reentry after deportation subsequent to an aggravated felony conviction. He pleaded guilty pursuant to a plea agreement. In exchange, the government agreed to recommend that Mr. Davila-Salvatierra receive a sentence at the bottom of the applicable advisory guideline range and to file a motion for an additional one-level reduction in his total offense level for acceptance of responsibility.

The United States Probation Office prepared a presentence investigation report ("PSR"). The PSR determined Mr. Davila-Salvatierra's base offense level was eight. *See* USSG § 2L1.2(a). Because he was previously convicted for assault with a firearm on a person, the PSR increased the base offense level by sixteen levels. *See* USSG § 2L1.2(b)(1)(A). Applying a two-level downward adjustment for acceptance of responsibility, *see* USSG § 3E1.1(a), the PSR calculated a total offense level of twenty-two. The PSR set Mr. Davila-Salvatierra's criminal history category at V. Mr. Davila-Salvatierra's adjusted offense level of twenty-two and criminal history category of V yielded a suggested sentencing range of seventy-seven to ninety-six months' imprisonment.

The PSR also noted that "the probation office has identified no departure issues" and "there are no circumstances that take the defendant's case away from the heartland of similarly situated defendants." PSR ¶ 49.

During a presentence interview with the Probation Office, Mr. Davila-Salvatierra's counsel indicated that he believed a departure was warranted because Mr. Davila-Salvatierra only reentered the country after learning that his mother was terminally ill and asked to visit with him before she died. Counsel provided the Probation Office with evidence that Mr. Davila-Salvatierra's mother did in fact pass away on December 23, 2004.

In an addendum to the PSR, the Probation Office did not dispute that Mr. Davila-Salvatierra reentered the country to visit his dying mother. First Addendum to the PSR at 1 (noting that Mr.Davila-Salvatierra's situation was "sad and heartfelt"). It stated, however, that "this new information does not raise [sic] to the level of a non-exhaustive set of circumstances warranting a departure. . . . At this time, we have weighed the relevant departure issues applicable and do not feel that any downward departure can be justified based on the current set of circumstances." *Id.* at 1-2.

Prior to sentencing, Mr. Davila-Salvatierra filed a motion requesting a below-Guidelines sentence. He argued, *inter alia*, that the district court should depart downward because he only reentered the United States to fulfill his dying mother's request, and he had "long suffered from severe depression, anxiety, and

other mental health disorders." Rec. vol. I, doc. 32, ¶ 19. He contended his mother's terminal condition was grounds for a departure because it constituted extraordinary familial circumstances, *see United States v. Rodriguez-Velarde*, 127 F.3d 966, 968-69 (10th Cir. 1997), and caused him duress, *see* USSG § 5K2.12. He argued his mental health issues constituted grounds for a departure based on diminished capacity. *See* USSG § 5K1.13. Additionally, he requested a variance based on the sentencing factors listed in 18 U.S.C. § 3553(a). The government opposed Mr. Davila-Salvatierra's motion, arguing that his "situation defines the heartland of similarly charge defendants." Rec. vol. I, doc. 35, at 2.

At sentencing, defense counsel reiterated Mr. Davila-Salvatierra's mitigation arguments and requested a thirty-five-month sentence. Mr. Davila-Salvatierra also spoke on his own behalf. In response, the government simply referenced its earlier opposition motion. Also, pursuant to the plea agreement, the government moved for an additional one-level reduction in Mr. Davila-Salvatierra's total offense level.

The district court adopted the factual findings and Guideline calculations in the PSR and granted the government's motion, resulting in a new advisory Guidelines range of seventy to eighty-seven months. The court then sentenced Mr. Davila-Salvatierra to seventy months' imprisonment, with the following explanation:

The Court has reviewed the presentence report factual findings. The Court has

considered the advisory sentencing guideline applications. The Court has also considered the factors set forth in 18 U.S.C. § 3553. . . .

I will say that I find that the sentence that I've stated is reasonable under all circumstances. I do note that the defendant has a fairly significant criminal history in the United States apart from immigration issues and so my feeling is that that is a reasonable sentence under the circumstances.

I will note also that it is my belief that the defendant used poor judgment as opposed to suffering from a significant reduced mental capacity, so I don't find that the reduction or the downward departure is appropriate under the circumstances.

*Id.* vol. IV, at 8-10. This appeal followed.

## II. DISCUSSION

We review sentences imposed post-*Booker* for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006). Reasonableness has both procedural and substantive components which encompass, respectively, the method by which the sentence was calculated and the length of the sentence. *See id.* at 1055. In this case, Mr. Davila-Salvatierra maintains his low-end Guidelines sentence is both procedurally and substantively unreasonable.

### A. PROCEDURAL REASONABLENESS

To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, correctly calculated the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence. *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114-15 (10th Cir. 2006). We also require the district

court to explain its reasons for imposing a particular sentence. *Id.* at 1116 ("[T]he court's failure to give reasons for its decision would leave us in a zone of speculation on appellate review.") (internal quotation marks omitted). In particular, when a defendant makes "a nonfrivolous argument for leniency," the district court "must *somehow indicate* that [it] did not 'rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the statutory factors.'" *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007) (quoting *Sanchez-Juarez*, 446 F.3d at 1117) (emphasis added).

Mr. Davila-Salvatierra does not contend the district court was unaware of its post-*Booker* ability to vary from the Guidelines or that it miscalculated the advisory Guidelines range. Instead, he alleges the district court failed to properly consider the § 3553(a) factors and adequately explain his sentence. For support, he emphasizes that the court "made no mention of [his] uncontested factual basis of entering the country solely to see his dying mother, nor did the court mention a single 3553 factor other than [his] criminal history." Aplt's Br. at 13. He also points out that the court did not acknowledge his argument that his mother's illness constituted grounds for a downward departure based on extraordinary family circumstances and duress.

We first note that Mr. Davila-Salvatierra did not object to the district court's explanation of his sentence. Consequently, we may vacate his sentence

for procedural unreasonableness only in the presence of plain error. *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). In this case, we need not move beyond the first prong of plain error review because the district court committed no error.

As we recently made clear, a district court sufficiently explains its imposition of a within-the-Guidelines sentence by entertaining the defendant's arguments for a below-Guidelines sentence, indicating on the record that it considered the § 3553(a) factors, and "provid[ing] only a general statement of the reasons for its imposition of the . . . sentence." *Ruiz-Terrazas*, 477 F.3d at 1199 (internal quotation marks omitted). The district court need not explicitly reference each of the § 3553(a) factors or respond to "every argument for leniency that it rejects in arriving at a reasonable sentence." *Jarrillo-Luna*, 478 F.3d at 1229. This is particularly true where, as here, the district court imposes a sentence at the bottom of the recommended Guidelines range. *See Sanchez-Juarez*, 446 F.3d at 1115 (noting that a district court's "decision to impose a sentence at the low end of the Guidelines range may fairly be read as a functional rejection of [the defendant's] arguments and a denial of his request for a below-Guidelines sentence.").

The district court adequately considered the § 3553(a) factors and explained its imposition of Mr. Davila-Salvatierra's low-end Guidelines sentence. First, the court entertained Mr. Davila-Salvatierra's mitigation arguments, which were made in a motion and orally at the sentencing hearing. The court also stated on the record that it had considered the § 3553(a) factors. Furthermore, the court provided a general statement of reasons by citing the facts it found most relevant to imposing a low-end Guidelines sentence, namely Mr. Davila-Salvatierra's "fairly significant criminal history" and the court's belief that he had "used poor judgment as opposed to suffering from a significant reduced mental capacity" when illegally reentering the country. Rec. vol. IV, at 10. *Cf. Jarrillo-Luna*, 478 F.3d at 1230 (holding that district court adequately explained defendant's low-end Guidelines sentence by stating that it "look[ed] 'very carefully at the circumstances of this man and his offense' and then explaining what it considered 'the two things that are most compelling' from [the defendant's] past").

Because the district court expressed a clear rationale for its decision, there is no foundation for a finding of procedural unreasonableness. Thus, the district court committed no error.

B.  SUBSTANTIVE REASONABLENESS

To assess substantive reasonableness, we consider whether the sentence imposed by the district court is unreasonable in light of the § 3553(a) factors. *Kristl*, 437 F.3d at 1054. Because Mr. Davila-Salvatierra's sentence falls within

the properly calculated advisory Guidelines range, it is entitled to a rebuttable presumption of reasonableness. *Id.* However, because the Supreme Court recently heard oral argument in two cases that may change the way federal appellate courts review sentences post-*Booker*, *see United States v. Rita*, 177 Fed. Appx. 357, *cert. granted*, 127 S. Ct. 551 (U.S. Nov 3, 2006) (No. 06-5754); *United States v. Claiborne*, 439 F.3d 479 (8th Cir.), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5618), we decline to rely on this presumption.

Mr. Davila-Salvatierra generally argues his 70-month sentence was "unreasonably long" in light of the fact that he reentered the United States to visit his dying mother. Aplt's Br. at 1. Although his mother's illness and death are tragic, after assessing Mr. Davila-Salvatierra's sentence in light of the § 3553(a) factors, we conclude it is reasonable.

First, the reentry of an ex-felon is a serious offense for which Congress has imposed a statutory maximum sentence of 20 years. *See* 8 U.S.C. § 1326(b)(2). Moreover, as the district court observed, Mr. Davila-Salvatierra has a "fairly significant criminal history," which includes prior convictions for assault with a firearm, being a felon in possession of a firearm, and illegal reentry of a deported alien. PSR ¶ 24-26. Furthermore, the question confronting us on appeal is not whether Mr. Davila-Salvatierra could have been sentenced to a lower prison term, but whether the given sentence is reasonable. *See Jarrillo-Luna*, 478 F.3d at 1229 ("To affirm, we must simply be satisfied that the chosen sentence, *standing alone*,

is reasonable.") (emphasis added).  Considering the seriousness of the underlying offense as well as Mr. Davila-Salvatierra's criminal history, a bottom-of-the-Guidelines sentence provides just punishment, promotes respect for the law, affords adequate deterrence, and protects the public from future harm.  *See* U.S.C. § 3553(a)(1).  Accordingly, Mr. Davila-Salvatierra's sentence is substantively reasonable.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge