FILED
United States Court of Appeals
Tenth Circuit

February 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERTO MATURIN-BARRAZA,

Defendant - Appellant.

No. 09-2211

(D. New Mexico)

(D.C. No. 09-CR-01448-JAP)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Alberto Maturin-Barraza pled guilty to an information accusing him of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). He was sentenced to thirty

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment.  Mr. Maturin-Barraza appeals that sentence, arguing it is substantively unreasonable.  This appeal followed, in which we affirm the sentence.

**BACKGROUND**

Mr. Maturin-Barraza was born in Mexico, but came to the United States when he was approximately five years old.  He spent most of the remainder of his time in the United States, attending schools in El Paso, Texas, marrying a United States citizen, and fathering two children who are United States citizens.

Mr. Maturin-Barraza dropped out of high school in ninth grade and quickly developed an addiction to drugs and alcohol.  He committed a number of crimes, including two burglary offenses, five driving while intoxicated offenses, three domestic violence offenses, one larceny offense, and one failure to identify himself.  He was ultimately deported to Mexico on June 5, 2005, following his conviction for an aggravated felony.

On April 4, 2009, United States Immigration and Customs Enforcement ("ICE") agents found Mr. Maturin-Barraza at the Dona Ana County Detention Center in Las Cruces, New Mexico.  He had been arrested for aggravated driving while intoxicated, among other offenses.  Mr. Maturin-Barraza admitted he was a citizen of Mexico and that he had no immigration documents showing that he was

in the United States legally. A records check revealed Mr. Maturin-Barraza's prior deportations.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a base offense level of eight, which it increased by eight levels because Mr. Maturin-Barraza had previously been deported after a conviction for an aggravated burglary (i.e., a second degree felony burglary for which he was convicted on January 22, 1991). After a three-level reduction for acceptance of responsibility, Mr. Maturin-Barraza's total offense level was thirteen. With a criminal history category of V, based upon his 11 criminal history points, the advisory United States Sentencing Commission, Guidelines Manual ("USSG") sentencing range was thirty to thirty-seven months.

Prior to sentencing, Mr. Maturin-Barraza filed a sentencing memorandum, in which he asked the court to sentence him to eighteen months' imprisonment. He argued that an eighteen-month sentence was appropriate because: (1) "it would recognize the relatively minor nature of [his] offense"; (2) his criminal history category over-represented the seriousness of his criminal history; and (3) there were "unique" mitigating circumstances surrounding his case, in that he was culturally assimilated to the United States, his criminal history stemmed from his long-time addiction to alcohol and marijuana, and he had two teen-aged children (both United States citizens) and he only returned to visit them. Sentencing Mem. at 1, R. Vol. 1 at 15.

The government argued that Mr. Maturin-Barraza's thirteen convictions over the preceding twenty-one years warranted his placement in criminal history category V. It further argued that Mr. Maturin-Barraza's circumstances were not unique and did not warrant a downward departure or variance from the advisory range. The government then requested a sentence above thirty months, on the ground that Mr. Maturin-Barraza had received a thirty-month sentence for his previous reentry conviction, and that sentence obviously did not deter him from committing the same crime again.

At the sentencing hearing, the district court denied Mr. Maturin-Barraza's request for a downward departure or variance, and sentenced him to thirty months, which was the bottom of the advisory guideline range. The court explained its reasoning as follows:

> [A]fter considering the defendant's sentencing memorandum, the probation's addendum to the Presentence Report that responded to it, and [the prosecutor's] position, it's my finding that the probation office correctly analyzed this, that the Criminal History Category V is the appropriate criminal history category. Despite the fact that two of the felonies are old, he has three felony convictions; 10 misdemeanor convictions, eight of which are particularly troublesome, with three domestic violence and the five DWIs. And I think Criminal History Category V, looking at the background and the propensity to continue committing crimes, suggests that Category V is the appropriate category.
> With respect to the other requests for departure, the one regarding cultural assimilation requested under Section 5K2.0, I agree with the probation office that that is not warranted, although I acknowledge that Mr. Maturin has basically grown up in the United States, speaks English, has siblings living . . . here as well as in

Mexico.  My understanding is, though, that his girlfriend does live in Mexico. . . .

. . . .

The ground of mental and emotional conditions, 5H1.3, it is unfortunate that Mr. Maturin has had a lifelong problem with alcohol and also marijuana.  I do intend to follow the suggestion of probation and recommend participation in the Bureau of Prisons 500-hour drug and alcohol treatment program which should benefit Mr. Maturin, although he would not be able to reduce the length of his sentence by reason of his participation in that.

. . . .

Then I think that probation has correctly determined that the request for downward departure under 5H1.6 for family ties and responsibility should be denied in that this is not outside the heartland of cases and very similar to many other cases that come before the Court. So I'm going to deny the request for downward departure in criminal history category as well as in offense levels.

Tr. of Sentencing Hr'g at 6-8, R. Vol. 3 at 8-10.  The court accordingly imposed a sentence of thirty months.  This appeal followed.

On appeal, Mr. Maturin-Barraza argues that his thirty-month sentence is substantively unreasonable "and far more severe than necessary to achieve the sentencing aims established by Congress in 18 U.S.C. § 3553(a), especially in light of the nature of the offense and Mr. Maturin-Barraza's unique history and characteristics."  Defendant-Appellant's Br. in Chief at 6.

**DISCUSSION**

On appeal, we review sentences for reasonableness, using a deferential abuse of discretion standard. United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 46 (2007)), cert. denied, Haley v. United States, 129 S. Ct. 428 (2008). When, as here, a sentence is within the applicable advisory guidelines range, we employ a rebuttable presumption of reasonableness. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). This presumption of reasonableness can be rebutted by showing that the sentence imposed is unreasonable in light of the factors stated in 18 U.S.C. § 3553(a).[1] We conclude that the sentence imposed is substantively reasonable and the district court did not abuse its discretion in imposing the sentence.

Mr. Maturin-Barraza argues that he only returned to the United States to see his children, and that the commission of such a non-violent crime motivated by the desire to see his children warrants a lesser sentence than the thirty months imposed. We disagree. "We have consistently observed that reentry of an ex-felon is a serious offense." United States v. Martinez-Barragan, 545 F.3d 894, 905 (10th Cir. 2008) (citing United States v. Davila-Salvatierra, 229 Fed. Appx. 727, 731 (10th Cir. 2007) (unpublished)). Mr. Maturin-Barraza also argues that

---

[1]Mr. Maturin-Barraza does not appeal the procedural reasonableness of the sentence.

his "unique" circumstances—his cultural assimilation in the United States, his long-term addition to drugs and alcohol which led to his criminal conduct, and his two teen-aged children whom he wished to visit—militate in favor of a lesser sentence. We agree with the district court's rejection of this argument. As the court indicated, many defendants explain their motivation to reenter this country illegally as predicated upon their family ties in this country. We have repeatedly rejected that explanation, standing by itself, as a basis to vary from the advisory guidelines sentence, provided the sentence imposed is otherwise consistent with the sentencing factors of § 3553(a).[2]

Finally, we agree with the district court's rejection of Mr. Maturin-Barraza's argument that his criminal history was overstated. We have carefully reviewed the record in this case, including the PSR, and find that the district court correctly calculated Mr. Maturin-Barraza's criminal history.

In sum, we find that Mr. Maturin-Barraza has failed to rebut the presumption of reasonableness attached to his sentence. Further, we find no abuse of discretion in the district court's selection of thirty months as a reasonable and appropriate sentence for Mr. Maturin-Barraza, in light of all the sentencing factors of 18 U.S.C. § 3553(a). We accordingly affirm the sentence imposed.

---

[2]Furthermore, we note that Mr. Maturin-Barraza has a girlfriend in Mexico, with whom he is expecting a child. Thus, Mr. Maturin-Barraza's cultural and familial ties to Mexico are not insignificant.

-7-

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge