**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

          Plaintiff–Appellee,

       v.

JOSE PAYAN RUIZ,

          Defendant–Appellant.

No. 13-6032

(D.C. No. 5:12-CR-00242-R-1)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining counsel's *Anders* brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Appellant Jose Payan Ruiz pled guilty to illegally reentering the United States as an aggravated felon in violation of 8 U.S.C. § 1326. The district court imposed a sentence of twenty-nine months' imprisonment, one month below the bottom of the applicable guidelines range. The court varied downward by one month in order to account for the time Appellant spent in immigration custody that would not otherwise be

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

credited towards his sentence. However, the court concluded that the advisory guidelines range was otherwise appropriate based on Appellant's criminal history and past illegal reentries.

On appeal, Appellant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. Appellant and the government were both given the opportunity to file a response to the *Anders* brief, but neither did so.

After conducting "a full examination of all the proceedings," *id.* at 744, we agree with defense counsel that Appellant has no non-frivolous grounds to raise on appeal. Nothing in the record suggests a basis on which Appellant could challenge the entry of his plea of guilty or the district court's calculation of the applicable guidelines range for his sentence, which he did not object to below. As for the substantive reasonableness of Appellant's sentence, we see no grounds in the record for Appellant to rebut the presumption of reasonableness attached to his below-guidelines sentence. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). We have repeatedly rejected the argument Appellant made below—that the illegal reentry guideline unfairly double-counts prior convictions—thus rendering a guidelines-range sentence substantively unreasonable. *See, e.g.*, *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007). As for the potentially mitigating factors defense counsel cites to, such as Appellant's work ethic, limited criminal history, and family circumstances, these factors are not sufficient to rebut the presumption of reasonableness attached to Appellant's

twenty-nine-month sentence under the circumstances of this case. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (noting there will often be "a range of possible outcomes" supported by the law and facts and, "rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices"); *United States v. Davila-Salvatierra*, 229 F. App'x 727, 731 (10th Cir. 2007) (rejecting a substantive reasonableness challenge to a within-guidelines sentence for a defendant who reentered the United States to visit his dying mother).

Our thorough review of the record persuades us Appellant can raise no meritorious issue on appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge